No. DA 06-0469

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 93N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

RAY MONDRAGON, JR.,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-04-93,
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

           Ray Mondragon, Jr., pro se, Minersville, Pennsylvania

        For Respondent:

           Honorable Mike McGrath, Attorney General; John Paulson, Assistant
Attorney General, Helena, Montana

           Fred Van Valkenburg, County Attorney; Betty Wing, Deputy County
Attorney, Missoula, Montana

           Submitted on Briefs:  March 7, 2007

                   Decided:   April 3, 2007

Filed:

                                           
                              Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On June 7, 2004, Ray Lawrence Mondragon, Jr., pled guilty to one count of issuing bad checks—common scheme, a felony, as specified in § 45-6-316, MCA. Mondragon was sentenced to ten years imprisonment, with five years suspended, to run consecutively to a prison sentence imposed in a federal criminal case. On January 9, 2006, Mondragon filed a motion with the District Court requesting the State to return property, including documents, which was obtained pursuant to a search warrant during the investigation of this case. Mondragon stated that he was not appealing his conviction. The State responded that it objected to releasing property to Mondragon because, based on a freedom of information act request Mondragon made separately, it was clear he still had intentions of challenging his conviction. Secondly, the State noted it would not provide copies of documents that were already provided during discovery.

¶3 The District Court denied Mondragon's request for the property, stating that the State's concern that Mondragon would still challenge his conviction was warranted. However, the court also noted that, in light of the fact that Mondragon's time limitations

2

on appealing his conviction and sentence or requesting post-conviction relief were expired, the State's objection to providing second copies of documents was valid.

¶4 Section 46-5-312, MCA, provides:

(1) A person claiming the right to possession of property seized as evidence may apply to the judge for its return. The judge shall give written notice as the judge considers adequate to the prosecutor and all persons who have or may have an interest in the property and shall hold a hearing to determine the right to possession.
(2) If the right to possession is established, the judge shall order the property, other than contraband, returned if:
(a) the property is not needed as evidence;
(b) the property is needed and satisfactory arrangements can be made for its return for subsequent use as evidence; or
(c) all proceedings in which the property might be required have been completed.

¶5 Mondragon has not appealed his conviction or sentence. The State's concern that Mondragon may still challenge his conviction despite the fact that, absent newly discovered evidence, he is time-barred from doing so is not authority for refusing to return property pursuant to § 46-5-312, MCA. We conclude the District Court erred in refusing to release property held by the State. Mondragon is entitled to have property returned that is not contraband, and to receive copies of documents not already provided in discovery.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the order is clearly contrary to settled Montana law.

3

¶7     We reverse the order of the District Court and remand for proceedings consistent with this memorandum opinion.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS